UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

CHRISTOPHER WRIGHT

    Plaintiff,

v.

CITY FACILITIES MANAGEMENT (FL) LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHRISTOPHER WRIGHT, by and through his undersigned counsel, sues the Defendant, CITY FACILITIES MANAGEMENT (FL) LLC, and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and to remedy violations of the rights of CHRISTOPHER WRIGHT under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760" or "FCRA"), to redress injuries done to him by the Defendant, CITY FACILITIES MANAGEMENT (FL) LLC ("Defendant").

2. The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

**PARTIES**

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County Florida and is otherwise *sui juris*.

1

4. As a Black man, Plaintiff is a member of a protected class under Title VII and the FCRA because the terms, conditions, and privileges of his employment were altered because of his race.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on July 22, 2021. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Defendant ty hired Plaintiff in July 2018 as a technician to work exclusively in Broward and Palm Beach Counties. Defendant wrongfully terminated Plaintiff on August 24, 2020.

12. The Plaintiff's job duties were servicing and repairing air-conditioning and refrigeration equipment for Walmart stores.

13. Plaintiff was qualified for the position he had based on his experience and training.

14. Plaintiff's starting pay was $32.50 per hour.

15. Plaintiff was the only Black employee in his region.

16. At orientation, the Plaintiff had his first of many interactions with Mr. Adiel Ponce, Regional Manager, which interactions left him feeling discriminated against. Specifically, Mr. Ponce spoke to the Plaintiff in a rude, demeaning, and condescending manner. His discriminatory behavior caught the attention of Murray, supervisor. Murray and the Plaintiff looked at each other in puzzlement.

17. For the next few months, the Plaintiff worked under a different regional manager. In late fall/early winter, the Plaintiff began working under Mr. Ponce.

18. The Plaintiff was the only HVAC service technician in his region to receive the service star award, which is awarded to technicians for outstanding performance who go above and beyond the required scope of work. The Plaintiff was a faithful employee who was proud of his work and wore his service star pendant to work every day. Mr. Ponce mocked the Plaintiff for wearing his service star award on his shift. Mr. Ponce did not ridicule Hispanic employees. Walmart also gave the Plaintiff a gift card due to his exemplary work performance.

19. At the end of January 2019, Mr. Ponce told the Plaintiff that he should start looking for another job because he was under investigation for stealing time. After speaking with Mr. Ponce, the Plaintiff contacted Human Resources, who told him that there was no investigation. The Plaintiff also learned that Mr. Ponce was the only person who looked at the time sheets.

Plaintiff raised that he thought he was being discriminated against. Human Resources looked into the matter and gave Mr. Ponce a warning for his conduct.

20. After the Plaintiff's complaint, Mr. Ponce escalated the discrimination and retaliation against the Plaintiff by assigning him over two times the quantifiable workload of the other technicians in the region. The Plaintiff went from servicing five stores to servicing more than double that while the other technicians remained at five stores. Unsurprisingly, the Plaintiff could not keep up with the workload of two people.

21. Whenever any technician quit in the Plaintiff's region, Mr. Ponce would assign every single one of that employee's stores to the Plaintiff instead of dividing the stores evenly amongst the remaining technicians in the region. The Plaintiff had to drive 45 to 60 minutes from the north zone to the south zone to handle calls despite the fact that there were other technicians available in the south zone. Each of the other technicians still had only five or six stores assigned to them. The Plaintiff complained to human resources, but they did not take any action.

22. On May 15, 2020, the Plaintiff was injured in a workplace incident and given restrictions. Mr. Ponce would not let the Plaintiff return to work with any restrictions. Almost three months later, the Plaintiff was cleared to return to work on August 10, 2020. After the Plaintiff returned, Mr. Ponce again accused the Plaintiff of stealing time.

23. The Plaintiff contacted Human Resources on August 21, 2020 and spoke to Ms. Sussette Jimenez, who advised the Plaintiff that she would conduct an investigation but she would not be able to do so until after she returned from her vacation on August 26, 2020. Plaintiff again raised that he thought he was being discriminated against.

24. Two days before Ms. Jimenez was set to return from her vacation, on August 24, 2020, Mr. Ponce stated that the Defendant had completed the investigation and terminated the

Plaintiff's employment. The Defendant never completed the investigation because Ms. Jimenez was on vacation during the time that Mr. Ponce terminated the Plaintiff. If an investigation had been done, the Defendant could have checked the Mercury login platform that the Defendant used to enter information for each service call and see the times that the Plaintiff checked in and out of the stores. Mercury will not allow an employee to check in and out of a service call unless they are in the parking lot of the location for the service call. The only reason that the Defendant terminated the Plaintiff was due to his race and in retaliation for his complaints to human resources.

25. Plaintiff has engaged the undersigned attorney to prosecute his claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

### COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Race)**

26. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully set forth herein.

27. Plaintiff brings this action under Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against on the basis of his race, Black.

28. Mr. Ponce and Ms. Jimenez, at all times relevant, were acting within the course and scope of their employment for Defendant.

29. Because Plaintiff is Black, he was discriminated against by management, and the Defendant refused to take any action to prevent the discrimination.

30. Upon information and belief, non-Black, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

31. Upon information and belief, non-Black, similarly situated employees are not permitted to be harassed by management and accused of things they did not do.

32. Upon information and belief, non-Black, similarly situated employees are not falsely accused of stealing time.

33. Upon information and belief, the Defendant takes seriously the complaints of non-Black, similarly situated employees.

34. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, CHRISTOPHER WRIGHT, being discriminated against.

35. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

36. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with Title VII; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

**COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**

**(Discrimination on the Basis of Race)**

37. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

38. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

39. Plaintiff is Black and therefore a member of a protected class.

40. Because Plaintiff is Black, he was discriminated against by management, and the Defendant refused to take any action to prevent the discrimination.

41. Upon information and belief, non-Black, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

42. Upon information and belief, non-Black, similarly situated employees are not permitted to be harassed by management and accused of things they did not do.

43. Upon information and belief, non-Black, similarly situated employees are not falsely accused of stealing time

44. Upon information and belief, the Defendant takes seriously the complaints of non-Black, similarly situated employees.

45. At all relevant and material times, Defendant failed to comply with the FCRA.

46. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

47. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was Black.

48. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

49. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

50. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his race in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

51. Plaintiff's discrimination was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he is Black, in violation of the FCRA.

52. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's race.

53. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his race. The discrimination on the basis of race constitutes unlawful discrimination.

54. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, punitive damages, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by

Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the FCRA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

### COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Retaliation)**

55. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

56. Plaintiff had the right to voice his grievances to the Defendant regarding the fact that he was being discriminated against.

57. When Defendant terminated the Plaintiff, it retaliated against Plaintiff for exercising his rights.

58. Mr. Ponce and Ms. Jimenez, at all times relevant, were acting within the course and scope of their employment for Defendant.

59. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964.

60. Upon information and belief, Defendant's unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff. Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of those in direct contact with Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum to be determined at trial.

61. Plaintiff has engaged the undersigned attorney to prosecute his claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests this Court declare that Defendant's termination of Plaintiff was unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with Title VII; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

### COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

62. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25 inclusive, as though same were fully re-written here.

63. Plaintiff had the right to voice his grievances to the Defendant regarding the fact that he was being discriminated against.

64. When Defendant terminated the Plaintiff, it retaliated against Plaintiff for exercising his rights.

65. Mr. Ponce and Ms. Jimenez, at all times relevant, were acting within the course and scope of their employment for Defendant.

66. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

67. Upon information and belief, Defendant's unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff. Defendant, by

and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of those in direct contact with Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum to be determined at trial.

68. Plaintiff has engaged the undersigned attorneys to prosecute his claim and is entitled to recover his attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests this Court declare that Defendant's termination of Plaintiff was unlawful retaliation in violation of the FCRA, grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the FCRA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 20th day of October, 2021.

By: /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff